FIRST NATIONAL BANK OF BOUND BROOK, RELATOR, v. BOROUGH OF LAVALETTE, IN THE COUNTY OF OCEAN, ET AL., DEFENDANTS.

Submitted May 13, 1932—Decided September 2, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the relator, *Ira F. Smith*.

For the defendants, *Leon E. Reussille, Jr.*

PER CURIAM.

The relator bank holds several judgments for money loaned, against the borough of Lavalette, and having issued executions thereon, it is made to appear that there is no property belonging to the borough sufficient to satisfy the same whereon to levy. Copy of these executions having been served, as provided by the statute in such case made (*Comp. Stat., p. 2255, pl.* 34), and the proper officers of the borough having failed to take the proper steps to raise by taxation the amount needed to satisfy these judgments, being over $120,000, the bank prays a writ of *mandamus* to compel this to be done; and the borough has been ruled to show cause why such writ should not issue. To this rule two, and only two, answers are made. The facts are stipulated.

The first answer is that the executions were levied against a sewer account of the borough in a Toms River bank,

amounting at the time to $1,920.59 and increased by subsequent deposits to $10,945.48; and that levy could have been made, but was not made, on some six hundred and thirty-one certificates of tax sale which are liens for upward of $70,000 on lands in the borough.

As to the bank account, it is manifest that it cannot satisfy the judgments. As to the tax certificates under the rule in *Lyon* v. *Elizabeth,* 43 *N. J. L.* 163, they cannot be sold under execution, and as remarked in that case, such sale "would surely result in a ruinous sacrifice of the property, and would defeat the collection of taxes without paying the city debt."

The second answer is that a *mandamus* would result in a double levy, because assessments are being collected to pay the notes on which judgment is entered. But this is no answer. The notes are payable absolutely and at all events, and not limited to proceeds of assessment. No moneyed institution would lend on notes of that character. The notes and judgments are the debts of the whole borough, and it is for the latter to pay and if possible reimburse itself through the assessments.

A peremptory writ is awarded, no question of fact being involved.